IN THE

# SUPREME COURT OF TENNESSEE,

FOR THE

# EASTERN DIVISION,

.KNOXVILLE, . . . . . . . . SEPTEMBER TERM, 1884.

NASHVILLE, CHATTANOOGA & ST. LOUIS RAILWAY
*v.* A. HANDMAN, Administrator.

1. EMPLOYER AND EMPLOYE. *Fellow-servants.* An employe, as between himself and his employer, undertakes to run all the ordinary risks of the service, and this includes the risk of injuries from the negligence of his fellow-servants.

:2. SAME. *Same.* The rule applies where the injury results from the negligence of another employe who is the immediate superior of the injured employe, unless the superior servant so far stand in the place of the master as to be charged, in the particular matter, with the performance of a duty to the inferior which, under the law, the master owes to the inferior, or unless the injury is occasioned by the direct order of the superior in a sudden exigency.

3. SAME. *Same. Railroads.* Where a fireman on a railroad locomotive was killed by the explosion of the boiler while the engine was standing on the track ready to start with a train of cars, and the engineer failed to come thirty minutes before the time of starting as required by a rule of the company, it was error to charge the jury that if the proof satisfied them that the engineer had failed to comply with the rule, and were further satisfied that his delay was the proximate cause of the accident, then the plaintiff would be entitled to recover.

(423)

4. SAME. *Same. Damages.* In an action by an employe against the employer to recover damages for the negligence of the employer in not having, or keeping in repair the boiler of an engine, if the trial judge charge the jury in relation to the knowledge of the employer of the defect, he should in the same connection state the effect of the knowledge of the employe of the same defect; for ordinarily if the knowl edge or ignorance of the master and servant in respect to the character of the machine are equal, so that both are without fault or in. equal fault, the servant cannot recover.

### FROM HAMILTON.

Appeal in error from the Circuit Court of Hamilton county. D. C. TREWHITT J.

KEY, RICHMÔND & CLARK for Railroad.

J. W. CLIFT and J. A. MINNIS for Handman.

COOPER, J., delivered the opinion of the court.

Action by Handman, as administrator of Charles Handman, deceased, against the railroad company to recover damages for the killing of plaintiff's intestate. The verdict and judgment were in favor of the plaintiff below. The company appealed in error, and a majority of the Referees have reported in favor of affirmance. The company excepted to the report.

Charles Handman, the plaintiff's intestate, was in the employment of the railroad company as a fireman on one of its locomotive engines. He was instantly killed by the explosion of the boiler of the engine while standing upon the track of the road at Chattanooga, just before the starting of the train. The gravamen of the action was the negligence of the company and its engineer in using an engine, the boiler

Railroad Company v. Handman.

and machinery of which were defective and dangerous. The engine had been fired up and prepared for the starting of the train on the morning of the accident. By a rule of the company, the engineer in charge of an engine was required to be on hand thirty minutes before the time fixed for the departure of the train. On this occasion, the proof was that the engineer did not comply with the rule, and only reached the train within five minutes of the time for starting. The court charged the jury that if the proof satisfied them that the engineer, was required by a regulation of the company to be at the engine thirty minutes before the time of starting, and that he was not at his post for the time required, and were further satisfied that his delay was the proximate cause of the accident, then the plaintiff would be entitled to recover. Error is assigned on this charge.

In this State, we have adopted the general rule, established by the authorities, regulating the relative rights of master and servant. The servant on entering into service knows, or is taken to know, that there are extraordinary dangers inseparable from such service, which human care and foresight cannot always guard against. If he voluntarily engages to serve in view of all the hazards to which he will be exposed, it is well settled that as between himself and his employer, he undertakes to run all the ordinary risks of the service; and this includes the risk of injuries, not only from his own want of skill and care, but likewise the risk of injuries from the negligence of his fellow-servants: Per McKinney, J., in *Nashville & Chat-*

*tanooga Railroad Company* v. *Elliott,* 1 Cold., 611, 616. The qualifications of the rule, some of them peculiar to this State, need not be particularly noticed, but are illustrated by *Railroad* v. *Carroll,* 6 Heis., 347; *Guthrie* v. *Railroad Company,* 11 Lea, 372; *Railroad* v. *Gurley,* 12 Lea, 46; *Railroad* v. *Bowler,* 9 Heis., 866.

The leading case in our books is *Fox* v. *Sandford,* 4 Sneed, 36. The action in that case was brought by an employe against his employer and a co-employe to recover damages for an injury sustained in the work for which he was employed. The employers were contractors for the erection of a house. The plaintiff was a hand hired to work thereon, and the co-employe sued was also a hired hand "and foreman of the job." The accident by which plaintiff sustained injury was occasioned by the foreman in paying out the guy-rope of a derrick, the employers not being present at the time, and having given no orders leading to the result. It was held that where two persons are acting in a common employment under the same principal, if one is injured by the negligence, unskillfulness or rashness of the other, the principal was not liable to the injured party in an action grounded alone upon such negligence in the employe. The principle thus enunciated was followed in *Coggin* v. *Railroad Company,* Thomp. Cases, 142, by sustaining a demurrer to a declaration which showed upon its face that the injury complained of was occasioned by the carelessness of other servants in a common service. It was again followed, without citing the particular case, in the *Nashville & Chattanooga Railroad Company* v. *Elliott,* 1 Cold.,

611.   That was a suit brought by "a hand on a loco-
motive engine whose business was to pass wood from
the tender to the fireman," to recover damages sus-
tained by the engine running off the track. The acci-
dent may have happened according to the proof, because
the engine was not adapted to run on the particular
curve of the road, or because the engineer neglected
to wet the rails as he had been previously in the
habit of doing at this place.   In the former case the
company would be liable, because the knowledge of
the engineer of the defect in the locomotive would be
knowledge of the company, and it not appearing that
the injured employe was aware of the defect.   But,
say the court, if the difficulty of passing the particular
place might have been in whole or in part obviated
by wetting the rails, and if the engineer, whose duty
it was to have taken this precaution if necessary, neg-
lected to do so, it would have been a proper inquiry
for the consideration of the jury whether this negli-
gence of the engineer caused or contributed to the
running off of the engine.   "And if this were so," it
was added, "the case would be governed by the prin-
ciple before alluded to, that where several servants
are employed in a common service, and one of them
suffers an injury by the neglect or want of care of
another, while they are jointly engaged in the same
service, he cannot recover against the employer for such
injury, in the absence of any fault on his part, because
the injury was occasioned by the negligence of a fellow-
servant, and not of the employer, the hazard of injury,
not only from his own want of proper care and neg-

ligence, but on the part of his fellow-servants also being one of the risks which, as between himself and employer, he is supposed to have taken upon himself by the contract."

These cases not only settle the general principle which regulates the servant's right of recovery against the master, but directly meet the point which has been suggested, that the principle does not apply where the injury results from the negligence of a co servant who is the immediate superior of the injured servant. The "foreman of the job" in *Fox* v. *Sandford,* was the immediate superior of the plaintiff, a hand hired to work on that job. The engineer of the locomotive in the case of the *Nashville & Chattanooga Railroad Company* v. *Eliott* was the immediate superior of the plaintiff, a fireman or assistant fireman on the same engine. The mere fact that the negligent servant is, in his grade of employment, superior to the servant injured does not take the case out of the rule. Nor does the mere fact that the negligent servant is the equal or the inferior in grade of the injured servant: *Ragsdale* v. *Memphis & Charleston Railroad Company,* 3 Baxt., 426. They are still fellow-servants in the common service, and each must take the risk of the negligence of the other: 2 Thomp. on Neg., 1026, 1028, 1034. And it has been expressly held by other courts that an engineer and fireman, who work together at or on the same engine, are fellow-servants within the rule: *Jones* v. *Yeager,* 2 Dill., 64; *Caldwell* v. *Brown,* 53 Pa. St., 453. In order to charge the master, the superior servant must so far stand in the

place of the master as to be charged, in the particular matter, with the performance of a duty towards the inferior servant which, under the law, the master owes to such servant: 2 Thomp. on Neg. 1031. "In order to recover," says Judge McFarland, "the plaintiff must show that his injury resulted from the carelessness or want of skill of some one who, in the particular matter, stands in the place of the master": *Railroad Company* v. *Wheless*, 10 Lea, 741, 748. See also *Knoxville Iron Company* v. *Dobson*, 7 Lea, 367, the opinion in which is delivered by the same eminent Judge. The *Elliott* case, as we have seen, clearly illustrates the distinction between the mere personal negligence of a superior fellow-servant, and his negligence in a matter in which he stands in the place of the master, who, under the law, owes a duty in that matter to the servant. And another exception to the rule is where the injury to the inferior employe. is occasioned by the direct order of the immediate superior in a sudden exigency. This exception is illustrated by the cases of *Railroad* v. *Bowler*, 9 Heis., 866, and *Railroad* v. *Duffield*, 12 Lea, 63.

In the case before us, the engineer gave no order to the intestate, and exercised no authority over him which contributed to the injury. He did not stand in the place of the master, so far as the particular negligence in question was concerned, for the performance of any duty which, under the law, the master was bound to perform for the protection of the servant. He was simply negligent in complying with a rule of the company adopted for his guidance. It was

a case of personal negligence, such as the intestate in accepting his own employment undertook to risk. Whether the negligence could in any sense be considered a proximate cause of the particular injury, it is unnecessary to consider.

The only negligence referred to in that part of the charge of the trial judge which we have discussed is the personal negligence of the engineer in failing to come to his engine sooner. The negligence of the company, if any, in relation to supposed defects in the engine, because of the knowledge of the engineer of those defects, has not been considered. The objection to the charge on the latter point is not so much to what it contains, as to its failure to state in the same connection the effect of the knowledge of the plaintiff's intestate of the same defects. In ordinary cases, the jury should be told that to authorize a recovery these two things must concur. Knowledge on the part of the master or its equivalent negligent ignorance, and a want of knowledge on the part of the servant or its equivalent excusable ignorance. If the knowledge or the ignorance of the master and servant in respect to the character of the machine are equal, so that both are either without fault or in equal fault, the servant cannot recover: 2 Thomp. Neg., 995, 1009; *East Tennessee, Virginia & Georgia Railroad Company* v. *Hodges,* 2 Leg. Rep., 6; *Nashville, Chattanooga & St. Louis Railway* v. *Wheless,* 10 Lea, 741.

The report of the Referees will be set aside, the judgment below reversed, and the cause remanded for a new trial.

COOKE, J., delivered the following dissenting opinion :

I dissent because there is, in my judgment, no evidence tending to show that the explosion was caused by the failure of the engineer to be at the engine thirty minutes before the time of starting, and conceding the correctness of the legal proposition discussed in the opinion of the majority, it was in this case a mere abstraction which could not injure the defendant: 3 Head, 331; 3 Sneed, 434; 8 Yer., 249; 4 Baxt., 364; 1 Lea, 300.

As to the objection to the charge suggested in relation to the knowledge of defects on part of the engineer, etc., the charge was correct as far as it went, and there was no request for any further or more specific instruction as to the effect of the knowledge of such defects on part of the deceased: 2 Hum., 516; 2 Cold., 348.