DAWSON BROS. & BEAVER, INC., Plaintiff in Error, v. R. F. PETERSON, Adm'r, Defendant in Error.

Western Section.   July 3, 1929.

Petition for Certiorari denied by Supreme Court, April 5, 1930.

Adams & Donelson, of Memphis, for plaintiff in error.
Stickley & Fitzhugh, of Memphis, for defendant in error.

SENTER, J. This was a suit to recover damages for the death of Shelby Peterson, as the result of the alleged negligence of the defendant while engaged as a laborer in the employ of the defendant below in shoveling gravel from a railroad car, when the defendant undertook to move the car by fastening an excavation dipper or shovel to the side of the car. The defendant filed pleas to the declaration, the first two the general issue of not guilty and contributory negligence of deceased, and the third, that if the plaintiff had a right of recovery, such right of recovery would be under the Workmen's Compensation Act, and not a common-law action for damages; the plea averring that defendant had complied with the Workmen's Compensation Act in force in this State.

The parties will be referred to as in the court below, R. F. Peterson, Administrator, plaintiff, and Dawson Bros. & Beaver, Inc., defendant.

At the conclusion of plaintiff's evidence, the defendant made a motion for a directed verdict in its favor on the grounds that the case was governed by the Workmen's Compensation Act, and that the defendant had complied with that Act, and on the further ground that there was no evidence of negligence. The motion for a directed verdict was overruled, and at the conclusion of all the evidence the motion for a directed verdict was renewed, and was likewise over-

ruled. The case was submitted to the jury under the instructions of the court, resulting in a verdict in favor of plaintiff for the sum of $7,000. A motion for a new trial entered by the defendant was overruled by the court and judgment rendered in favor of plaintiff for the amount of the jury verdict, $7,000.

The first assignment of error is directed to the action of the court in overruling the motion of defendant for a directed verdict in its favor, because the record shows without contradiction that the defendant had complied with the Workmen's Compensation Act,' and that plaintiff could not maintain an action at common law. The second assignment charges error in the court in submitting to the jury for its determination as to whether the defendant had complied with the Workmen's Compensation Act, because there was no conflict as to the facts, and the question of defendant's compliance was a matter of construing the Act, and no disputed facts appearing. The third assignment is as follows:

"The court erred in charging the jury as follows: 'The court holds it to be the law that, if they had complied with the law at the time this boy was killed, they are not liable in this suit. If they had not complied with it at that time, but complied with it subsequent to that time, the plaintiff may proceed with this lawsuit.

" 'Now as to whether they had complied with the law, or not, presents an issue of fact. The defendants claim that they had complied with the law. The plaintiff says that they had not complied with the law. You are the ones to determine whether they did, or did not, comply with the law; and I will read you what was necessary to be done by the defendant in order for them to comply with the law. If you find they did do these things then you will find that the defendant had complied with the law; and then if you find that they did not do the things prescribed in this statute, you will find that they did not comply with the law. It is proper, therefore, that I should read you what the law said the defendants had to do in order to comply with the law, said the defendants had to do in order to comply with it, in order that you may determine whether they did do these things or not.' (The court here quotes all of Section 41 of the Workmen's Compensation Act, and proceeds):

"Now Gentlemen, this Act requires that the employer in order to comply with its provisions, must, when he starts his business and within thirty days file proof under this Act, and give that notice to the State; and if he does not do that, but continues to operate without doing that, then he operates without the benefit of the Workmen's Compensation Law.

"Now, it is claimed by the plaintiff in this case, that while on February 3, 1928, defendants did take out an insurance policy that they failed to file proof of that fact with the insurance department, or the Workmen's Compensation Department, at Nashville, and that they did not do that thing until sometime in May, two months after this accident occurred. There seems to be no dispute here that they took out a policy of insurance on February 3, but the plaintiff claims that they did not convey or furnish that information to the State Department at Nashville until May.

"The defendants, in support of their contention, that they did do that thing, filed a certificate from the Commissioner of Labor, which reads as follows:

" 'STATE OF TENNESSEE, WORKMEN'S COMPENSATION DIVISION.

" 'Certificate of the Commissioner of Labor of the State of Tennessee as to employer's compliance with Section 41 of the Tennessee Workmen's Compensation Act, by insuring his liability.

" 'I, Ed M. Gillenwaters, Commissioner of Labor of the State of Tennessee, do hereby certify that Dawson Bros. & Beaver, Inc., of 1213 Cummins Street, Memphis, Tennessee, engaged in the business of road construction in Shelby County, Tennessee, being subject to the provisions of the Tennessee Workmen's Compensation Act, or having waived the exemption granted by Section 6 of said Act, has complied with Section 41 of said Act, and has made proof, to my satisfaction, that said employer has insured their liability to pay compensation in the amount and manner and when due as provided in said Act, by a policy of insurance issued by the Sun Indemnity Company of New York, a company authorized to transact the business of Workmen's Compensation in the State of Tennessee. This certificate shall expire on the 3rd day of February, 1929. . . .

" '(Signed) Ed. M. Gillenwaters,

" 'Commissioner of Labor.'

"And on that is a seal affixed. Now the plaintiff has offered a deposition, which has been read to the jury, and in which he states that the records of his office did not show that any compliance was had with this law by the defendants until the 14th day of May.

"So it is the theory of the plaintiff in this case that when, in May, the matter was taken up with the Department of Labor at Nashville, and it was proven to them that on February 3, insurance had been taken out, by the way, in a proper company,

that this certificate was dated back to that date, and that this certificate was actually not issued until some time in May.

"Well, we have this certificate. We have the deposition and the other testimony on that point tending to show that the Department at Nashville knew nothing about this until he made it. I don't know whether the certificate speaks the truth, or whether the deposition offered and the other evidence in the case speaks the truth. In other words, it is for the jury to say whether you find the fact to be that the Department at Nashville received proof from the defendant of its compliance with the law on February 3, 1928, or whether the Department received the evidence in May, of 1928. It seems that the certificate and the deposition and other testimony are in conflict over that point, and it is for you to say which you find to be the fact in the case.

"So, then, Gentlemen of the jury, if you find that proof was made of the compliance by the defendant with this law, and it was made to the Department in Nashville, then in this case, your verdict would be for the defendant.

"On the other hand, if you find that no such compliance was made to the Department in Nashville until after this accident happened then the Workmen's Compensation Law does not apply and you would try this case under the common law."

Under this assignment of error it is the contention of appellant that there was no conflict in the evidence of what actually occurred, in that the evidence showed that the defendant had taken out the indemnity insurance as required by the Act, and in compliance with the Act, and that the defendant, according to the undisputed evidence, by inadvertance failed to notify the Department of Labor at the time the insurance was taken, and did not discover this oversight until after the accident occurred, and it was then discovered upon investigation that if the notice had been sent to the Department, the Department did not have any record of it, and whereupon, the proof of the insurance having been issued in compliance with the Act was furnished to the Commissioner of the Department, and upon this being done the certificate quoted by the court in his charge to the jury, was issued by the commissioner. We think that there is no real conflict in the evidence on that question, and as to what actually occurred in the premises. While it is true the certificate issued by the Commissioner appears to relate back to February 3, 1928, and does not make any reference to the notice not being of record, and does state that defendant had complied with the provisions of the Act, and Section 41 thereof, yet under the undisputed evidence there was no record of the notice in the office of the Commissioner until in May, the defendant having discovered that notice and proof of compliance had not been furnished the Department,

it was then furnished for the first time. Hence, the question presented under the undisputed evidence was a proper construction to be given the provisions of the Workmen's Compensation Act, and especially sections 41 and 42 thereof. This was a question of law to be determined by the court.

We will therefore consider the first, second and third assignments together. We think the real question presented is with reference to a proper construction to be given chapter 123 of the Acts of 1919, the Workmen's Compensation Act. By amendment, the Department of Labor has been substituted for the Insurance Commissioner for the administration of the Act. It will be noted that Section 41 makes two definite provisions for employers operating under and affected by the Act. The first is, "Shall insure and keep insured his liability hereunder in some person or persons, association, organization, or corporation authorized to transact the business of Workmen's Compensation Insurance in this State." There is no conflict in the evidence but that the defendant did comply with this first provision of Section 41 by taking out the indemnity insurance with the Sun Indemnity Company, of New York, a company authorized to transact the business of Workmen's Compensation in the State of Tennessee. The second provides as follows: "Or (2) shall furnish to the Insurance Commissioner of the State of Tennessee satisfactory proof of his financial ability to pay all claims that may arise against him under this Act and guarantee the payment of the same in the amount and manner and when due as provided for in this Act . . . . ." It is further provided by section 41 as follows:

"Every employer accepting the provisions of this Act shall within thirty (30) days after this Act takes effect, file with the Insurance Commissioner of the State of Tennessee, and annually thereafter, or as often as may be necessary under the ruling of said Insurance Commissioner, evidence of his compliance with the provisions of this Act relating to insurance or indemnity to employees. Until these provisions are complied with, the employer shall from the date this Act becomes effective, be liable to an employee either for compensation under this Act or at law in the same manner as if the employer had refused to accept the provisions of this Act, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow-servant rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common-law court in which such suit may be brought. . . . "

Section 42 appears to be the penalty provision of the Workmen's Compensation Act, and we deem it important to direct attention

especially to the provisions of Section 42 of the Act, and which Section reads as follows:

"That every employer accepting the provisions of this Act shall, within thirty days after this Act takes effect, file with the Insurance Commissioner of the State of Tennessee on a form prescribed by the Commissioner, and thereafter annually or as often as the Commissioner in his discretion deems necessary, evidence of his compliance with the provisions of Section 41 of this Act. If any such employer refuses or wilfully neglects to comply with these provisions, he shall be punished by a fine of not less than ten dollars nor more than one hundred dollars, and after such conviction shall be subject to a fine of not less than one dollar nor more than ten dollars for each day of such refusal or neglect and until he shall comply with said provisions. And also such employer so refusing or neglecting to comply with said provisions during the continuance of such refusal or neglect shall be liable to an injured employee either for compensation as provided in this Act to be recovered in an action brought in a court of competent jurisdiction for that purpose or for damages to be recovered as if this Act had not been passed, as such employee may elect; and in case suit for damages is brought instead of a suit to recover compensation under the provisions of this Act, the employer, when sued, shall not be allowed to set up as defense to the action that the employee was guilty of contributory negligence, or that the injury was occasioned by the negligence of fellow servant of the employer, or that the employee had assumed the risk of the injury. . . ."

It will thus be seen that Section 42 provides two penalties, one a fine to be imposed for a refusal or wilful neglect for the employer to comply with Section 41, and also a further penalty by having the right conferred upon the employee to either claim compensation for injuries under the Act, or to sue at law, at his election, and if the employee elects to sue at law the defendant is precluded from setting up as defense to the action contributory negligence of the employee, or that the negligence of a fellow servant of the employer occasioned the injury, or that the employee had assumed the risk of the employment. If Section 42 contained the only provision with reference to the right of an employee to elect whether he would claim under the compensation Act or to sue at common law for his injuries, where the employer had failed to comply with the provisions of the Act by furnishing proof or giving notice satisfactory to the Commissioner, we would be inclined to hold that there must be a refusal or a wilful neglect to furnish such proof and such notice. However, we must read this section in connection with section 41

on the same subject, wherein it is specifically provided that the employer shall within thirty days file · with the Insurance Commissioner of the state (now the Commissioner of Labor), and annually thereafter, or as often as may be necessary, under the ruling of the Commissioner, "evidence of his compliance with the provisions of this Act relating to insurance or indemnity to employees. Until these provisions are complied with, the employer shall from the date this Act becomes effective, be liable to an employee either for compensation under this Act or at law in the same manner as if the employer had refused to accept the provisions of this Act, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow-servant rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common-law court in which such suit may be brought. . . . ''

Taking these two sections together, we are constrained to hold that a failure upon the part of the employer to furnish evidence to the Commissioner within the thirty-day period, entitled the employee to proceed against the defendant under the Compensation Act, or at his election to waive the Compensation Act and to sue at law. This seems to be a clear provision in section 41, and section 42 of the Act contains the penalty provision for a failure, refusal, or wilful neglect by making the employer subject to a fine, and the further penalty of entitling the employee to elect whether he will claim under the Compensation Act, or whether he will proceed with his common-law action, and this, we think, is but a repetition of the same provision contained in section 41.

Conceding that under the undisputed evidence, it presented a question of law for the sole determination of the trial judge as to whether there had been compliance with the provisions of the Workmen's Compensation Act by the defendant prior to the accident resulting in the death of plaintiff's intestate, and that there remained no issues of fact on the question of the compliance or noncompliance by defendant with the Compensation Act to be submitted to the jury, the fact that the court did submit this question to the jury was not prejudicial to the defendant in the view we take of the proper construction to be given the Workmen's Compensation Act and Sections 41 and 42 thereof. The assignments based upon the action of the court on the question of the motion for a directed verdict in behalf of defendant, and the question of the submission of that issue to the jury, are accordingly overruled.

Other assignments of error by appellant allege that there was no evidence to show any negligence on the part of the defendant resulting in the death of plaintiff's intestate, and also that the verdict of the jury was so excessive as to indicate passion, prejudice and caprice on the part of the jury.

It is the contention of appellant that there was no evidence tending to show that the defendant was guilty of any negligence in the method used in moving the car in which the deceased was at work at the time of the injury; and no evidence to show that it was negligence to move the car in the way and manner in which it was used; that the injury did not result because of any defect in the place where the deceased was working that caused him to be injured.

It appears that the deceased was engaged in cleaning gravel out of the car, and while so engaged the defendant attached the steam shovel to the side of the car for the purpose of moving the car. This steam shovel or dipper was used to unload gravel from the car and operated with a crane or beam. The jaws of the dipper formed a clamp and in this position the jaws were closed over the top of the gondola car, or over the top of the side of the car, and by moving the crane forward or backward by the power which operated it, the car could be moved, and was moved. While attempting to move the car in this manner and with this apparatus, the hold of the dipper slipped and swung free striking the deceased, resulting in his death. We think this was actionable negligence on the part of the defendant. As has been seen, under the provisions of the Workmen's Compensation Act, where the defendant had failed to comply with the provisions of the Act, an action at common law could be maintained, and in which event the defendant could not rely upon the defenses of contributory negligence, the negligence of a fellow servant, or assumed risk.

We are of the opinion that there was material evidence upon which the jury could base a verdict in favor of plaintiff. It results that the assignments of error to the effect that there was no evidence of negligence are accordingly overruled. The cases cited by appellant (Standard Knitting Mills v. Hickman, 133 Tenn., 43; Brown v. Electric Ry. Co., 101 Tenn. 252; Railroad v. Handman, 81 Tenn. 423; Chattanooga Ry. & Light Co. v. Hodges, 109 Tenn. 331, and other cases referred to) are cases involving contributory negligence, obvious danger which could have been seen by the employee, and assumed risk. These cases would have no application under the facts of the instant case, and especially under the provisions of sections 41 and 42 of the Workmen's Compensation Act, where the defendant had refused or neglected to comply with the provisions of the Act, since it is provided by said sections that where the defendant employer refuses or neglects to comply with the provisions of the Act, the injured employee may, at his election, sue at law and the defendant cannot rely upon the defenses mentioned in the Act.

We are also of the opinion that the judgment is not excessive, considering the age of the deceased, etc.

It results that all assignments of error are overruled and the judgment of the lower court is affirmed. Judgment will be entered here in favor of the plaintiff and against the defendant for the amount of the judgment below and interest thereon from the date of the judgment, and the costs of the case. Appellant and sureties on the appeal bond will pay the cost of this appeal.

Owen and Heiskell, JJ., concur.