## SCHROADER v. RURAL EDUCATIONAL ASS'N.
## INC. (two cases).—228 S. W. (2d) 491.

Middle Section.    January 13, 1950.

Petition for Certiorari denied by Supreme Court, March 17, 1950.

Lewis C. Payne, of Nashville, for plaintiff in error.

Jack Keefe, of Nashville, for defendant in error.

HOWELL, J. These are suits for damages for personal injuries which grew out of an accident at the place of business of the defendant in which the plaintiff Lily Schroader lost a hand while operating a grinding machine. The other suit is by the husband V. L. Schroader for expenses and loss of services of his wife.

Upon the trial in the Circuit Court there was a verdict of the jury for Lily Schroader in the amount of

$10,000.00 and for V. L. Schroader, the husband, in the amount of $1,000.00.

The cases were tried together and the defendant by proper procedure has appealed in error to this Court and has assigned errors.

The declarations allege that the plaintiff Lily Schroader was employed to work at the plant of the defendant called "Madison Foods" where it manufactured food products and that on March 12, 1946, plaintiff was operating a grinding machine which runs by an electric motor and contains an auger which revolved in the grinder and at that time she was required to put a material called "soy cheese" into the hopper of the machine and press it down upon the revolving auger and in doing this she used a mallet furnished by the defendant. It is alleged that this mallet was worn and did not have a proper handle and that by reason of the unsafe condition of the grinder and the improper location of the electric switch and the negligence of the defendant in not furnishing her a safe place to work and proper tools with which to do her work the plaintiff's hand was caught in the grinder and cut off.

The declarations further alleged that the defendant was at the time of the accident not operating its business under the Workmen's Compensation Laws of the State in that it had allowed its insurance policy to lapse and had not filed with the proper State authorities any renewal of its policy.

The defendant filed pleas of not guilty and that the plaintiff was not an employee of the defendant but was a constituent member of the defendant's organization and therefore could not maintain her suit.

It is insisted for the defendant that there was no material evidence to support the verdicts. Much evidence

was introduced upon the trial and we do not deem it necessary here to review this evidence as we are satisfied that there was ample material and substantial evidence which justified the Trial Court in submitting the cases to the jury.

It is insisted for the defendant that the plaintiff was not an employee but a constituent member of defendant's organization and therefore cannot recover and that Trial Court erred in instructing the jury that plaintiff was an employee. The defendant employed a great many men and women and they were paid wages or salaries and came within the Workmen's Compensation Laws.

The complainant was employed by the defendant on November 18, 1944 and worked there continuously and was paid for her work by the hour.

On January 25, 1946, Mrs. Schroader joined the Rural Educational Association and signed a receipt for her Certificate of Membership which is as follows:

"Receipt for Certificate of Membership

"I hereby acknowledge receipt of Certificate of Membership in Rural Educational Association.

"I understand and agree that as a constituent member I will actively engage in the furtherance of the work of the Association whose aims are the general welfare of society and not individual profit and I will donate my services for such purpose, and that as an active working constituent member, I will be entitled to receive from time to time such subsistence pay as may be provided for constituent members and such other rights, privileges and benefits accruing to constituents under the charter and by-laws of the Association and I clearly understand that I am not an employee of the Associa-

tion and that the sums and benefits paid to me are merely for the purpose of subsistence and do not constitute wages, it being my intent and purpose because of my interest in the institution to freely donate my services in the furtherance of its aims.

"I acknowledge having been a constituent member of the Rural Educational Association since 6th day of January 1946.

"This 25th day of January 1946.

"Signed, Mrs. V. L. Schroader."

The applicable sections of the State Workmen's Compensation Statute are as follows:

6852. "Terms defined.—In this chapter, unless the context otherwise requires:

"(a) 'Employer' shall include any individual, firm, association or corporation, or the receiver, or trustee of the same, or the legal representatives of a deceased employer, using the services of not less than five persons for pay. If the employer is insured it shall include his insurer, unless otherwise herein provided.

"(b) 'Employee' shall include every person, including a minor, in the service of an employer, as 'employer' is defined in paragraph (a) above, under any contract of hire, apprenticeship, written or implied. Any reference herein to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable under this chapter."

6853. "Presumption of acceptance of the provisions of this law.—Every employer and every employee except as herein stated, shall be presumed to have accepted the provisions of this chapter respectively to pay and accept compensation for personal injury or death by ac-

cident arising out of and in the course of the employment, and shall be bound, thereby, unless he shall have given, prior to any accident resulting in injury or death, notice to the contrary in the manner herein provided.''

6862. ''Employer not operating under this law cannot make certain defenses to suit of employee electing to so operate.—Every employer who elects not operate under this chapter shall not, in any suit brought against him by an employee who has elected to operate under the provisions of this chapter, to recover damages for personal injury or death arising from accident, be permitted to defend such suit upon any of the following grounds, namely:

''(a) That the employee was negligent.

''(b) That the injury was caused by the negligence of a fellow servant or fellow employee.

''(c) That the employee had assumed the risk of the injury.''

6867. ''Employer not relieved by contract, rule, regulation, or other device.—No contract or agreement, written or implied, nor rule, regulation, or other device, shall in any manner operate to relieve any employer in whole or in part of any obligation created by this chapter except as herein provided.''

6895. ''Employers must insure their liability, or furnish satisfactory proof of financial ability; indemnity bond.—Every employer under and affected by this chapter (1) shall insure and keep insured his liability hereunder in some person or persons, association, organization, or corporation authorized to transact the business of workmen's compensation insurance in this state, or (2) shall furnish to the [division of workmen's compensation] satisfactory proof of his financial ability to

pay all claims that may arise against him under this chapter and guarantee the payment of the same in the amount and manner and when due as provided for in this chapter. If the employer elects to pursue the latter course, the commissioner of labor shall, without discretion, require the deposit of an acceptable security or indemnity bond to secure the payment of compensation liability as may be incurred under this chapter. Said bond shall be conditioned to run directly for the benefit of the employees subject to this chapter and may be enforced by them directly in an action in their name. This chapter shall not apply to policies of insurance against loss from explosion of boilers or flywheels or other similar single catastrophe hazards.

"Every employer accepting the provisions of this chapter shall file with the said commissioner in division of Workmen's Compensation and annually thereafter, or as often as may be necessary under the ruling of said commissioner, evidence of his compliance with the provisions of this chapter relating to insurance or indemnity to employees. Until these provisions are complied with, the employer shall be liable to an employee either for compensation under this chapter, * * * and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow servants' rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common law court in which such suit may be brought."

The record discloses that the defendant employed many more than five persons for pay and that both the plaintiffs here worked for defendant and were paid wages.

The defendant previously to the accident in which the plaintiff was injured, had been operating under the

Workmen's Compensation Law and on March 25, 1944 it filed its proof of insurance as an employer with the proper State official. This policy of insurance expired on February 24, 1945 and a notice of expiration was sent to the defendant. It failed to file any proof of the renewal of its insurance as required by the law until after the accident in which plaintiff received her injuries and therefore the defenses of contributory negligence, negligence of a fellow servant and assumption of risk are not available to defendant in these cases.

In the case of Dawson Bros. & Beaver, Inc. v. Peterson, 11 Tenn. App. 167, Senter, Judge, said:

"Taking these two sections together, we are constrained to hold that a failure upon the part of the employer to furnish evidence to the Commissioner within the thirty-day period, entitled the employee to proceed against the defendant under the Compensation Act, or at his election to waive the Compensation Act and to sue at law. This seems to be a clear provision in Section 41, and Section 42 of the Act contains the penalty provision for a failure, refusal, or wilful neglect by making the employer subject to a fine, and the further penalty of entitling the employee to elect whether he will proceed with his common-law action, and this, we think, is but a repetition of the same provision contained in section 41.

"Conceding that under the undisputed evidence, it presented a question of law for the sole determination of the trial judge as to whether there had been compliance with the provisions of the Workmen's Compensation Act by the defendant prior to the accident resulting in the death of plaintiff's intestate, and that there remained no issues of fact on the question of the compliance or non-compliance by defendant with the Compensation Act to be submitted to the jury, the fact that

the court did submit this question to the jury was not prejudicial to the defendant in the view we take of the proper construction to be given the Workmen's Compensation and Sections 41 and 42 thereof."

In this case as in the case cited the trial court held that the defendant had not complied with law as to its insurance and that the defenses of contributory negligence and assumption of risk were not applicable.

The insistence that the plaintiff Lily Schroader was not an employee cannot be maintained. She was paid hourly wages before she signed a paper becoming a constituent member and she was continually paid wages as an employee until the time of the accident. Section 6867 above quoted specifically provides that this becoming a constituent member does not relieve the employer of the obligation imposed by the Act.

The Trial Court did not commit error in holding that plaintiff was an employee.

It thus appears that the plaintiff Lily Schroader was an employee of the defendant and that by reason of its failure to comply with the Workmen's Compensation Laws she had a right to maintain this suit at law and the defendant cannot in this case avail itself of the defenses of contributory negligence, fellow servants and assumption of risk. The question of the negligence of the defendant was properly submitted to the jury and there was ample evidence to support its verdicts.

The assignments of error are overruled and the judgments of the Circuit Court are affirmed.

Judgments will be entered here in favor of Lily Schroader for $10,000.00 and V. L. Schroader for $1,000.00 and the costs of the cases.

Affirmed.

Felts and Hickerson, JJ., concur.