Madeline Carol HOUSE, Plaintiff-Appellant,

v.

JOHN BOUCHARD & SONS CO., INC., Defendant-Appellee.

Court of Appeals of Tennessee, Middle Section.

Dec. 1, 1972.

Certiorari Denied by Supreme Court June 4, 1973.

Lester, Hildebrand, Nolan, Lane, Underhill & Mondelli, Nashville, for plaintiff-appellant.

Howell & Fisher, Nashville, for defendant-appellee.

## OPINION

TODD, Judge.

The plaintiff, Madeline Carol House, has appealed from a directed verdict and judgment dismissing her suit against defendant, John Bouchard & Sons Co., Inc., for wrongful death of her husband, William David House, while in the employ of defendant.

The single assignment of error is as follows:

"The Trial Court erred in directing a verdict for the defendant at the conclusion of all the proof on the question of compliance with the Workmen's Compensation Statutes of the State of Tennessee by the employer of David House on the date of his death, and in denying the plaintiff administratrix of the estate of David House in proceeding with a common law action under the Wrongful Death Statutes of the State of Tennessee."

Plaintiff's declaration alleged negligence of defendant in failing to provide safe working conditions.

Defendant's plea denied negligence, asserted contributory negligence, relied upon

the provisions of the Workmen's Compensation Act, and asserted that all death benefits provided by said Act had been tendered and refused.

On motion of plaintiff, the Trial Judge ordered a special, preliminary, evidentiary hearing, without a jury, to determine whether defendant had complied with the provisions of the Workmen's Compensation Act. Upon petition for certiorari and supersedeas, this Court reversed and remanded for jury trial upon all issues.

A trial before a jury resulted in the following order:

## ORDER

"Again came the parties by their attorneys on Monday, February 28, 1972, the jury having been respited from day to day and the court having on Friday, February 25, taken under advisement the motion made at the conclusion all the proof in behalf of the defendant for a directed verdict. The court, being of the opinion that the motion made in behalf of the defendant for a directed verdict was well-taken, granted the motion and discharged the jury, to which action of the court the plaintiff excepted. Accordingly it is ORDERED and ADJUDGED that this case be and it is hereby dismissed. The costs are taxed against the plaintiff and the surety on her prosecution bond for which let execution issue if necessary."

Although other factual issues were presented by the pleadings (negligence and contributory negligence), the oral comments of the Trial Judge, and especially the briefs in this Court, deal only with the defense of compliance with and protection of the Workmen's Compensation Act. As to such limited issue, the evidence is brief and uncontroverted.

The deceased lost his life while working for defendant on October 7, 1969.

Defendant employs a sufficient number of persons to require compliance with the Workmen's Compensation Law.

On October 1, 1968, defendant obtained a policy of Workmen's Compensation Insurance protecting its employees for the period ending October 1, 1969.

On January 27, 1969, defendant's insurer, Travelers Insurance Company, filed with the State Division of Workmen's Compensation, due proof of said insurance coverage (for the period ending October 1, 1969). On the same date, the said State Division issued to defendant a certificate of compliance expiring on October 1, 1969.

On February 7, 1969, the Argonaut Insurance Company filed with the same Division proof of insurance issued to defendant from October 1, 1968 to October 1, 1969, and said Division issued to defendant a second certificate of compliance expiring on October 1, 1969.

On October 1, 1969, Travelers Insurance Company issued to defendant a renewal policy extending coverage to October 1, 1970, however said policy was not filed with the State Workmen's Compensation Division until October 31, 1969.

On October 31, 1969, Travelers Insurance Company filed said renewal policy with said Division, and said Division did then (on October 31, 1969) certify that it had on file a policy for the term, October 1, 1969 to October 1, 1970.

Thus, from October 1, 1969 to October 31, 1969, there was in full force and effect a policy of Workmen's Compensation insurance in respect to employees of defendant, but said policy was not on file with the State Workmen's Compensation Division.

Between October 1, 1969, the date of said renewal policy, and October 31, 1969, the date of filing proof of same with the State Division of Workmen's Compensation, the following events occurred:

On October 7, 1969, plaintiff's husband lost his life.

On October 9, 1969, Travelers Insurance Company reported the fatality to said State Division.

On October 10, 1969 Travelers Insurance Company filed with said State Division a statement of its willingness to pay the statutory death benefits.

On October 30, 1969, Travelers Insurance Company made a payment to said Division in connection with said fatality for the benefit of the "Second Injury Fund."

Benefits provided by the Workmen's Compensation Law were tendered to plaintiff who refused to accept the same.

Plaintiff's common law negligence suit is based upon portions of the Workmen's Compensation Law, being T.C.A. §§ 50–1205, 50–1206, material parts of which are as follows:

"*50–1205. Compensation insurance to be maintained or proof of financial ability to pay claims furnished—Evidence of compliance, filing—Payment of premiums.*—Every employer under and affected by the Workmen's Compensation Law (1) shall insure and keep insured his liability hereunder in some person or persons, association, organization, or corporation authorized to transact the business of workmen's compensation insurance in this state, . . .

.  .  .  .  .  .

"Every employer accepting the provisions of the Workmen's Compensation Law shall file with the commissioner of labor, division of workmen's compensation, and annually thereafter, . . . evidence of his compliance with the provisions of this chapter relating to insurance or indemnity to employees. . . . *Until the provisions of this section are complied with, the employer shall be liable* to an employee either for compensation under the Workmen's Compensation Law or at law in the same manner as if the employer had refused to accept the provisions of this law, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow servants' rule, and assumption of the risk by the employee

shall not be open to or set up by the employer in any common law court in which such suit may be brought. . . . (emphasis supplied)

.  .  .  .  .  .

"*50–1206. Evidence of compliance to be filed—Penalty for refusal—Liability to employee in damages—Defenses.*— Every employer accepting the provisions of the Workmen's Compensation Law shall file with the commissioner of labor, division of workmen's compensation, on a form prescribed by the commissioner, annually, . . . evidence of his compliance with the provisions of § 50–1205. If any such employer *refuses or willfully neglects* to comply with these provisions, he shall be punished by a fine . . . and also such employer so refusing or neglecting to comply, *then during the continuance of such refusal or neglect* shall be liable to an injured employee either for compensation as provided in this law to be recovered in an action brought in a court of competent jurisdiction for that purpose, or for damages to be recovered as if this law had not been enacted, . . ." (Emphasis supplied)

It is the insistence of plaintiff-appellant that the actual issuance of the policy on October 1, 1969, the actual existence of the policy on the date of the fatal injury (October 7, 1969), the actual possession of the policy by defendant-employer on October 7, 1969, and the subsequent (October 31, 1969), retroactive certificate of the State Workmen's Compensation Division, all were ineffective to protect the defendant-employer from common law liability because, on October 7, 1969, the policy was not on file with said State Division as required by law.

On the contrary, defendant insists that it had complied with the statute by making an "annual" filing of evidence of compliance less than 12 months prior to the fatal accident (on January 27, 1969, and February 7, 1969, supra). Defendant further insists that the failure to promptly file the

new (October 1, 1969) policy with the State was not prejudicial to plaintiff's rights because the policy was in existence on the date of injury, its benefits were available to plaintiff, and performance thereunder was promptly tendered by the insurer.

Defendant further insists that there is no evidence that defendant *refused or wilfully neglected* to file evidence of compliance as penalized in § 50–1206, supra, and that there is no liability under the provisions of § 50–1205, because its provisions are not applicable to the facts of this case.

A study of the two code sections, §§ 50–1205 and 50–1206, supra, discloses a distinct difference in the situation to which each applies.

§ 50–1205, states that, "Every employer . . . (1) shall insure and keep insured . . . ." and "Every employer . . . shall file . . . and annually thereafter . . . evidence of compliance with the provisions of this chapter," and further provides:

> "*Until* the provisions of this section are complied with, the employer shall be liable . . . "

■ Obviously, common law liability under § 50–1206 must be based upon a "refusal or wilful neglect" on the part of defendant. There being no such showing, there can be no common law liability in this case under § 50–1206, and liability herein must rest upon § 50–1205, alone. The question therefore becomes whether § 50–1205 is applicable to the facts of this case.

The former wording of § 50–1205, as quoted in Dawson Bros. & Beaver, Inc. v. Peterson, 11 Tenn.App. 167 (1930) was:

> "Every employer . . . shall *within thirty (30) days after this act takes effect,* . . . and annually thereafter . . . file . . . evidence of his compliance . . . .. *Until* these provisions are complied with, the employer

shall from the date this act becomes effective, be liable . . . .."

■ In both its original and present form, the penalizing section ("employer shall . . . be liable") of § 50–1205 was intended to require and enforce *initial* compliance with the Workmen's Compensation Law by an original filing of evidence of compliance. By this initial filing, the employer registers his business and places it under the supervision and surveillance of the State officials charged with the duty to see that the employer continues to comply with the law. This *initial filing*, or registration is so important that the Legislature provided a severe penalty for non-compliance; i. e., "*until* the provisions of this section are complied with, the employer shall be liable, etc." Under this section, every affected employer remains liable (under the common law) *until* he makes the *original filing* required by this section. It is not considered that the word "until" has reference to delay in any filing except the initial filing.

Penalties for delay in subsequent, "renewal" filings are provided in § 50–1206, which, as stated, are limited to cases of "refusal or wilful neglect."

■ It is undisputed that the *initial compliance* of defendant had taken place prior to the fatal accident, and the sole dereliction of defendant was a neglect to *continue compliance,* hence the penal provisions of § 50–1205 do not apply. No refusal or wilful neglect is shown, hence the penal provisions of § 50–1206 do not apply.

Plaintiff insists, correctly, that an employee has a right to know at all times of employment the manner in which compensation for work connected injury or death may be satisfied by the employer. For *refusal or wilful neglect* to file such information as required, the employer is subject to criminal prosecution and civil penalty. However, neither refusal nor wilful neglect has been shown.

Plaintiff insists, correctly, that failure to keep evidence of insurance (or financial responsibility) on file with the proper State office is non-compliance with the Workmen's Compensation Act; however, after the initial filing, said non-compliance is not penalized until it amounts to refusal or wilful neglect.

Plaintiff insists, correctly, that the Commissioner of Labor has the power to certify compliance and properly deal with non-compliance with the Workmen's Compensation Act; that the Commissioner is not authorized to issue a retroactive certificate of compliance which indicates compliance during a period when compliance was not a reality; that a certificate of compliance contrary to the true facts cannot affect the rights of the parties; and that it is the duty of the State Workmen's Compensation Division to maintain records of compliance or noncompliance of employers. However, none of these insistences support the right of plaintiff to sue at common law for the reasons previously explained.

Plaintiff insists that, when an employer *"refuses or neglects"* to comply, his employee has an election of remedies. Where the employer has made initial compliance under § 50–1205, then an election of remedies results only in event of *"refusal or wilful neglect"* to continue compliance under § 50–1206.

Plaintiff insists that no wilful neglect is necessary to entitle the employee to an election, and cites two Tennessee cases which will now be discussed.

In Dawson Bros. & Beaver, Inc., v. Peterson, 11 Tenn.App. 167 (1928), this Court discussed the provisions of §§ 41 and 42 of the Act (now §§ 50–1205, 50–1206, T.C.A.) and said:

" . . . If Section 42 contained the only provision with reference to the right of an employee to elect whether he would claim under the compensation Act or to

sue at common law for his injuries, where the employer had failed to comply with the provisions of the Act by furnishing proof or giving notice satisfactory to the Commissioner, *we would be inclined to hold that there must be a refusal or a wilful neglect* to furnish such proof and such notice. However, we must read this section in connection with section 41 on the same subject, wherein it is specifically provided that the employer shall within thirty days file with the Insurance Commissioner of the state (now the Commissioner of Labor), and annually thereafter, or as often as may be necessary, under the ruling of the Commissioner, 'evidence of his compliance with the provisions of this Act relating to insurance or indemnity to employees. *Until these provisions are complied with, the employer shall* from the date this Act becomes effective, *be liable* to an employee either for compensation under this Act or at law in the same manner as if the employer had refused to accept the provisions of this Act, and in any suit brought by the employee against the employer the defense of contributory negligence, the fellow-servant rule, and assumption of the risk by the employee shall not be open to or set up by the employer in any common-law court in which such suit may be brought . . . '

"Taking these two sections together, we are constrained to hold that *a failure upon the part of* the employer to furnish evidence to the Commissioner *within the thirty-day period*, entitled the employee to proceed against the defendant under the Compensation Act, or at his election to waive the Compensation Act and to sue at law. *This seems to be a clear provision in section 41*, and *section 42 of the Act contains the penalty provision for a failure, refusal, or wilful neglect* by making the employer subject to a fine, and the further penalty of entitling the employee to elect whether he will claim under the Compensation Act, or whether he will proceed with his com-

mon-law action, and this, we think, is but a repetition of the same provision contained in section 41." 11 Tenn.App., pp. 173, 174. (Emphasis supplied)

Although it is not clearly stated in the *Dawson Bros.* opinion, there is a strong inference that the employer had failed to make *the initial filing*, as required by § 41. The opinion, quoted supra, states, "a failure . . . to furnish evidence . . . within the 30-day period . . .." The charge of the Trial Judge, quoted and approved in the opinion, contains the following:

"Now Gentlemen, *this Act requires that the employer* in order to comply with its provisions, *must*, when he starts his business and *within thirty days file proof under this Act*, and give that notice to the State; and if he does not do that, but continues to operate without doing that, then he operates without the benefit of the Workmen's Compensation Law.

"Now, it is claimed by the plaintiff in this case, that while on February 3, 1928, defendants did take out an insurance policy that they failed to file proof of that fact with the insurance department, or the Workmen's Compensation Department, at Nashville, and that they did not do that thing until sometime in May, two months after this accident occurred. There seems to be no dispute here that they took out a policy of insurance on February 3, but the plaintiff claims that they did not convey or furnish that information to the State Department at Nashville until May." 11 Tenn.App., pp. 169, 170 (Emphasis supplied)

Thus, the holding of *Dawson Bros.* is evidently based upon the failure to make the *initial filing* which failure does unconditionally entitle the employee to his election of remedies. *Dawson Bros.* is not interpreted to grant such election to an employee for failure to *re-file*, except in case of *refusal* or *wilful neglect*.

In Schroader v. Rural Educational Ass'n., Inc., 33 Tenn.App. 36, 228 S.W.2d

491 (1950), the employee was injured on March 12, 1946. Previously, on March 25, 1944, the employer had filed an insurance policy which expired on February 24, 1945. Notice of said expiration was sent to the employer. From February 24, 1945 to the injury on March 12, 1946, a period of more than a year, no further evidence of insurance was filed and, so far as the opinion states, no insurance was actually in force at the time of the injury. Indeed, the employer defended the suit on the theory that its relationship with the injured employee was not subject to the Workmen's Compensation Law. The foregoing facts, unmitigated by any exculpatory circumstances, were virtually conclusive of a *"refusal or wilful neglect"* to comply with the law authorizing the application of § 50–1206.

On the grounds stated, the foregoing cases are distinguishable from the present case, wherein the insurance was in fact renewed; the insurer admitted coverage and tendered performance of its obligations; and it is shown that the delay in filing was due to the omission of the insurer, rather than the defendant, who relied upon the insurer to file the policy.

Authorities cited from other jurisdictions have been examined and have found to be distinguishable on the facts or by differences in the Workmen's Compensation Law involved.

Much research and argument has been expended by counsel upon the meaning of the word "annually" as used in the statutes quoted supra. Although it is unnecessary for the disposition of this appeal, it should be stated that the members of this section of this Court are satisfied that the clear legislative intent of the statute is that the employer should at all times maintain on file with the Workmen's Compensation Division an adequate, current, "in force" policy of insurance (or satisfactory evidence of financial responsibility) and that the word annually implies "once per year for the ensuing year." Thus, at or before the expiration of each policy of insurance

on file, the employer is under a duty to file a renewal policy. If the effective term of a policy should be less than a year, the word "annually" does not authorize an "annual filing" which would effectively qualify the employer beyond the date of expiration of the policy.

The effect of the disposition of this appeal is somewhat mitigated by the ruling of the Supreme Court in Hudgins v. Nashville Bridge Co., 172 Tenn. 580, 113 S.W.2d 738 (1938) that rights to Workmen's Compensation benefits are not waived by a suit under the common law until recovery of final judgment.

This Court entertains some concern as to the running of the statute of limitations upon the plaintiff's right to seek benefits under the Workmen's Compensation Law. If the statute were permitted to run and expire while an employee litigated his rights under the common law, then few if any employees would be willing to seek the common law remedies provided by statute and thereby the right to common law benefits conferred by statute would be rendered valueless by peril of enforcement.

In order to avoid such an unjust result, and in view of the unequivocal statements in the answer of defendant offering benefits under the Workmen's Compensation Law, it is deemed proper to modify the judgment of the Trial Court to preserve the rights of plaintiff to recover such benefits. Accordingly, said judgment is modified to permit plaintiff to suitably amend her declaration to seek benefits under the Workmen's Compensation Law and to permit further appropriate proceedings thereon.

As modified, the judgment of the Trial Court is affirmed. The costs of this appeal are taxed against the plaintiff-appellant. The cause is remanded for further proceedings.

Modified, affirmed and remanded.

PURYEAR and MATHERNE, JJ., concur.