Mr. & Mrs. Howard O. WILSON,
Appellants,

v.

Frank FRENCH, James Prigden and Ronald Butler, d/b/a P & B Welding and Fabricating and Serodino, Inc., Appellees.

Supreme Court of Tennessee.

July 7, 1980.

B. B. Guthrie, Guthrie & Disheroon, Chattanooga, for appellants; Paul W. Sorrick, Jr., Chattanooga, of counsel.

Charles W. Lusk, Hall, Haynes, Lusk & Foster, Strang, Fletcher, Carriger, Walker, Hodge & Smith, Chattanooga, for appellees.

## OPINION

FONES, Justice.

The issue in this case is whether Serodino, Inc.'s failure to file with the Commissioner of Labor evidence of compliance with the insuring provisions of the workmen's compensation act was the result of a refusal or wilful neglect that would entitle plaintiff Wilson to pursue a common-law action.

Wilson sued P & B Welding and Fabricating and Serodino, Inc. alleging benefits under the workmen's compensation laws and

also that both defendants had refused to comply with the Tennessee workmen's compensation laws and sought in the alternative a recovery at common law.

The trial court held that Serodino, Inc. was in substantial compliance with the workmen's compensation law at the time of the accident, dismissed the common-law action, and on stipulated facts awarded Wilson the compensation benefits prescribed for one hundred percent permanent disability to the body as a whole and medical expenses in the total sum of $34,085.19.

Wilson was injured on April 30, 1975, while in the course and scope of his employment by P & B Welding and Fabricating Company, a partnership with principal offices in Montgomery, Alabama. Serodino, Inc., a Tennessee corporation, and P & B Welding and Fabricating Company were engaged in a joint venture salvage operation that involved cutting up old river barges for disposition as scrap metal. Wilson was employed to operate a cutting torch, and the accident occurred on the Tennessee River near Guild, Tennessee.

In the early stages of the litigation, defendant Serodino, Inc. denied the existence of a joint venture with P & B, asserting that the barge on which the accident occurred was leased to P & B, but on the date of the trial and in this Court, both defendants acknowledge the existence of a joint venture and that the legal effect thereof was to render P & B primarily liable to plaintiff Wilson under the workmen's compensation law and Serodino, Inc. secondarily liable. It follows, of course, that if either party had fully complied with T.C.A. § 50–1205 and § 50–1206, this would be a workmen's compensation case, and Wilson would have no election of remedies. It appears that P & B had workmen's compensation coverage with Fidelity and Casualty Insurance Company of New York, but the insurance company denied coverage for any operations of P & B conducted in the State of Tennessee and successfully maintained that position in a suit in Alabama. In this Court, P & B's sole contention is that Serodino was fully covered by workmen's compensation insurance and in substantial compliance with T.C.A. § 50–1205 and § 50–1206, and that such compliance precludes the common-law action. P & B acknowledges that Serodino is entitled to a judgment over against the partnership under the joint venture agreement for the compensation benefits awarded Wilson by the trial court. There is no indication in the record that P & B has asserted at any stage of the litigation that the partnership had complied with T.C.A. § 50–1205 or § 50–1206.

This suit was filed on April 27, 1976, and was tried on May 8, 1979. On the date of trial the affidavit of Victor P. Serodino was filed. The first paragraph of the affidavit states that affiant is the president of Serodino, Inc., and the second paragraph recites that the documents attached to the affidavit are true and correct copies of documents compiled in the ordinary course of business of Serodino, Inc. and are in the custody and control of the affiant. The third paragraph describes exhibit A as a certificate of compliance issued by the Tennessee Department of Labor showing that Serodino, Inc. was insured by the Fidelity and Casualty Company of New York for the period of July 13, 1971, to July 13, 1972. Paragraphs four, five, and six of the affidavit describe exhibits B, C, and D as policies of workmen's compensation insurance insuring Serodino, Inc. for the respective annual periods from July 13, 1972, through July 13, 1975. Following paragraph six the affidavit closes with the statement, "further affiant saith not." No explanation or excuse was offered by defendants, either in Victor Serodino's affidavit or otherwise, for the failure to file with the Commissioner of Labor annual evidence of compliance with the insuring provisions of the act. In accord with prior holdings of this Court that will be discussed more fully hereinafter, exhibit A would satisfy the *initial* filing requirement required by T.C.A. § 50–1205, leaving at issue the effect under the facts of this case

of the failure to meet the annual renewal requirements that are the subject of T.C.A. § 50–1206.

The final judgment entered in the trial court on May 8, 1979, recited that having received the affidavit of Victor Serodino with attached copies of the workmen's compensation insurance policies issued to Serodino, Inc. covering the period July 13, 1972, to July 13, 1975, "and being of the opinion that Serodino, Inc. was in substantial compliance with the workmen's compensation law of Tennessee at the time of the accident," plaintiff's common-law action should be dismissed.

Thus, the trial judge found, solely from the existence of continuous insurance coverage following the initial compliance in 1971, that Serodino, Inc. was relieved of the obligation of complying with T.C.A. § 50–1206 for the annual filing periods of July 13, 1972, July 13, 1973, and July 13, 1974.

Three Tennessee cases have construed the two Code sections involved here, *House v. John Bouchard & Sons Co.*, 495 S.W.2d 541 (Tenn.App.1972); *Schroader v. Rural Educational Assn.*, 33 Tenn.App. 36, 228 S.W.2d 491 (1950); and *Dawson Brothers & Beaver, Inc. v. Peterson*, 11 Tenn.App. 167 (1929).

In *Dawson Brothers*, Peterson brought a common-law action against his employer alleging a negligently inflicted injury. Defendant denied negligence and denied the employee's right to maintain a common-law action asserting that it had complied with the provisions of the workmen's compensation law. The evidence revealed that defendant had procured a workmen's compensation policy on February 3, 1928, but did not file evidence of that fact with the Commissioner of Labor until May 14, 1928, two months after Peterson's accidental injury. It appears that the filing by defendant Dawson Brothers on May 14, was its initial filing of compliance with the insuring provisions of the workmen's compensation act. At that time, section 41 of the act, now T.C.A. § 50–1205 as amended, required that every employer file with the commissioner evidence of compliance, "within thirty days after this act takes effect." Section 42, now T.C.A. § 50–1206 as amended, contained the same phrase, requiring a filing within thirty days after the act became effective, and "thereafter annually." Then, as now, only the second section required a showing of refusal or wilful neglect as a prerequisite to the employee's election of remedies. The Court held that the employer had violated the first section in failing to file within thirty days after February 3, 1928, and that Peterson was entitled to pursue a common-law action without the necessity of showing a refusal or wilful neglect to file.

In *Schroader v. Rural Educational Assn.*, *supra*, Mrs. Schroader was injured on March 12, 1946, and brought a common-law action against her employer. REA had filed proof of workmen's compensation coverage on March 25, 1944, but its policy of insurance expired on February 24, 1945, and it had not filed any proof of renewal of insurance prior to the accident, approximately thirteen months after its renewal was due. Under our interpretation of the *Dawson* opinion, the second section requiring a showing of refusal or wilful neglect would govern the disposition of the case. The Court held that Mrs. Schroader had a right to maintain a common-law action without any discussion of whether the facts were sufficient to constitute refusal or wilful neglect.

In the subsequent case of *House v. Bouchard, supra*, Judge Todd writing for the Court of Appeals, after reciting the facts in *Schroader*, makes the following comment:

> "The foregoing facts, unmitigated by any exculpatory circumstances, were virtually conclusive of a *'refusal or wilful neglect'* to comply with the law authorizing the application of § 50–1206." 495 S.W.2d at 547.

*House v. Bouchard, supra*, is an excellent opinion that correctly interprets T.C.A. § 50–1205 and § 50–1206. The widow of

David House brought a common-law action against her husband's employer for his wrongful death sustained in the course of his employment, insisting that the employer had failed to file evidence of insurance coverage in accord with the statutory requirements. The relevant facts were that defendant employer had complied with the filing provisions for the period ending October 1, 1969. Defendant purchased a policy of workmen' compensation for the period October 1, 1969, to October 1, 1970, but the renewal filing with the Commissioner of Labor was not accomplished until October 31, 1969. The accident and death of David House occurred on October 7, 1969. On October 9, 1969, defendant's insurance company reported the accident to the state division of workmen's compensation and on October 10, filed a statement of its willingness to pay the statutory death benefits. On October 30, defendant's insurance carrier made a payment to the state division of workmen's compensation for the benefit of the second injury fund and at an unspecified date, but implicitly promptly, tendered workmen's compensation benefits to plaintiff who refused to accept same and filed suit.

The Court of Appeals held that the provision of T.C.A. § 50–1205 that "until the provisions of this section are complied with, the employer shall be liable," referred to the initial filing of an employer and invoked the penalty provisions of that section upon a mere showing of non-compliance; that the purpose of T.C.A. § 50–1206 was to invoke the penalty for delay in failing to accomplish the annual renewal filings, if the circumstances constituted refusal or wilful neglect.

The Court of Appeals' analysis and application of the two sections to the facts in *House* was, in part, as follows:

"In both its original and present form, the penalizing section ('employer shall . . . be liable') of § 50–1205 was intended to require and enforce *initial* compliance with the Workmen's Compensation Law by an original filing of evidence of compliance. By this initial filing, the employer registers his business and places it under the supervision and surveillance of the State officials charged with the duty to see that the employer continues to comply with the law. This *initial filing*, or registration is so important that the Legislature provided a severe penalty for non-compliance; i. e., '*until* the provisions of this section are complied with, the employer shall be liable, etc.' Under this section, every affected employer remains liable (under the common law) *until* he makes the *original filing* required by this section. It is not considered that the word 'until' has reference to delay in any filing except the initial filing.

Penalties for delay in subsequent, 'renewal' filings are provided in § 50–1206, which, as stated, are limited to cases of 'refusal or wilful neglect.'

It is undisputed that the *initial compliance* of defendant had taken place prior to the fatal accident, and the sole dereliction of defendant was a neglect to *continue compliance*, hence the penal provisions of § 50–1205 do not apply. No refusal or wilful neglect is shown, hence the penal provisions of § 50–1206 do not apply." 495 S.W.2d at 545.

The actions of Serodino, Inc. and its insurance carrier in this case are in sharp contrast to those of Bouchard and its insurance carrier.

In the instant case Serodino, Inc. had made its initial filing several years prior to the accident and is not subject to the mandatory application of the penalty under T.C.A. § 50–1205. The issue is whether the facts are sufficient to show that Serodino, Inc. refused or wilfully neglected to comply with the annual filing requirements of T.C.A. § 50–1206. The standard of "substantial compliance" invoked by the trial court is misplaced. We must apply the test prescribed in the statutes, refusal or wilful neglect.

While the initial filing may well be the most important, the annual renewal filings are important as employees have the continuing right to know at all times that financial responsibility exists to compensate them for work injuries and the identity of the insurance carrier they must deal with if injured.

First, Serodino, Inc. had failed to file for a period of almost three years immediately preceding the date of the accident. Second, approximately one year after the accident, Serodino, Inc. continued in default for failure to file and answered this suit denying liability to plaintiff for workmen's compensation or at common law, on the ground that it was not engaged in a joint venture with P & B, a defense it abandoned on the day of trial, which was four years after the accident. Those facts make a prima facie case of refusal and wilful neglect under the statute. Simultaneous with its change of position in the litigation, Serodino, Inc. presented the affidavit of its president, showing merely that it has had workmen's compensation insurance continuously in effect but offering no explanation or excuse for its failure to file for almost three years before the accident or for its failure to act promptly and responsibly after the accident. Thus the prima facie finding of refusal and wilful neglect was rendered conclusive.

The judgment of the trial court is reversed and this cause is remanded to the circuit court of Hamilton County for trial of the plaintiff's common-law negligence action in accord with the provisions of T.C.A. § 50-1206. Costs are adjudged against defendant.

BROCK, C. J., and COOPER and HARBISON, JJ., concur.